UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 3:11-cr-0100-LRH-VPC |
| MARIA GOMEZ, | ORDER |
| Defendant. | |

Before the court is defendant Maria Gomez's ("Gomez") motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. ECF No. 40. The United States filed an opposition to the motion. ECF No. 43.

**I.     Facts and Procedural Background**

On August 24, 2011, Gomez was indicted on two charges: (1) conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 & 841(a)(1) and (b)(1)(A); and (2) possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). ECF No. 11. On January 10, 2012, Gomez pled guilty to count one of the indictment for conspiracy to possess with intent to distribute methamphetamine. ECF No. 19. She was subsequently sentenced to ninety-six (96) months incarceration. ECF No. 32. Gomez did not appeal her sentence to the Ninth Circuit Court of Appeals. On May 11, 2015, the court reduced Gomez's sentence to eighty-seven (87) months incarceration

///

1

based on a guideline sentencing range that was subsequently lowered and made retroactive by the United States Sentencing Commission ("USSC"). ECF No. 38.

Subsequently, on August 4, 2016, Gomez filed the present motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. ECF No. 40.

## II. Motion to Vacate Sentence

Pursuant to 28 U.S.C. §2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure §  41.3b (5th ed. 2005).

In her motion to vacate, Gomez argues that the court should grant her motion because she was a minor participant in the conspiracy, and thus, is entitled to a minor participant reduction under Amendment 794 to the Sentencing Guidelines. *See* ECF No. 40. The court disagrees.

In November 2015, the United States Sentencing Commission modified the commentary to sentencing guideline § 3B1.2 through Amendment 794. *See* U.S.S.G. App. C, Amend. 794. Through that amendment, a criminal defendant may receive a reduction to his or her guideline calculation, and thus to the applicable guideline sentencing range, if that defendant was a minimal participant in a criminal conspiracy. Such a reduction is made at the time of sentencing and is solely within the discretion of the sentencing court.

In her motion, Gomez contends that she was a minimal participant in the underlying criminal conspiracy, and as such, would have been entitled to receive a reduction to her guideline calculation range had Amendment 794 been in effect at the time of her sentencing. *See* ECF No. 40. However, Amendment 794 was not made retroactive by the USSC in cases, like Gomez's, on collateral review. *See, e.g.,* United States v. Burlingame, 2016 U.S. Dist. LEXIS 158288, *5 (E.D. Mich. 2016) (holding that Amendment 794 has not been held to be retroactive on collateral appeal); *Aguas-Landaverde v. United States*, 2016 U.S. Dist. LEXIS 13-525, *2 (S.D. Ohio 2016); *United States v. Tapia*, 2016 U.S. Dist. LEXIS 123706, *1 (M.D. Fla. 2016).

Accordingly, the court shall deny her motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.

### III.  Certificate of Appealability

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless a district court issues a certificate of appealability ("COA") based on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B).

Here, the court finds that Gomez has not shown a denial of a constitutional right in her motion. In denying his motion, the court notes that Gomez has failed to raise a meritorious challenge to her sentence based upon the subsequent sentencing guideline amendment, Amendment 794. *Supra*, Section II. As such, the court finds that Gomez has failed to demonstrate that reasonable jurists would find the court's assessment of her claims debatable or wrong. *See Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006). Therefore, the court shall deny Gomez a certificate of appealability as to her motion to vacate sentence.

IT IS THEREFORE ORDERED that defendant's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (ECF No. 40) is DENIED.

IT IS FURTHER ORDERED that defendant is DENIED a certificate of appealability.

IT IS SO ORDERED.

DATED this 20th day of March, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE